**James William ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42736.**

Court of Criminal Appeals of Texas.

April 1, 1970.

Andrew Z. Baker, Galveston, for appellant.

Jules Damiani, Jr., Dist. Atty., R. L. Wilson and M. Bruce Fort, Asst. Dist. Attys., Galveston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is the possession of marijuana; the punishment, five (5) years.

Appellant's principal ground of error is that the court erred in refusing to submit the question to the jury of whether the state's sole witness who connected appellant with the offense, Graugnard, was an accomplice in his charge. The witness Graugnard testified that on the day in question he went to a certain address in search for some marijuana, as he was at such time a marijuana user. He met the appellant, and asked him if he could get him a matchbox o'f marijuana. According to such witness, appellant said, "No." * * * "He couldn't get in contact." During the same conversation according to the witness, appellant asked if he knew one Walter Thibodeaux, and asked him if he would deliver a package then under his arm to him. The witness described the

package as "three cans under his arm, wrapped up." The witness agreed; after he and his companion had traveled some distance from where he met appellant, they were arrested, and taken to the station where after 30 minutes questioning he implicated appellant. The officer, who apprehended Graugnard and his companion, testified that he dove in the rear window of Graugnard's automobile, placed a pistol to his head, brought the automobile to a halt, and found the package containing the three cans of marijuana on the front seat. He did not see appellant in the vicinity of the place of arrest, and no further evidence connects appellant with the marijuana, which was introduced at his trial.

Since Graugnard had agreed to deliver to another the package which he had "a pretty good idea" contained marijuana, he was clearly so connected with appellant's possession thereof as to become an accomplice witness whose testimony required corroboration. Our view in this respect is fortified by the state counsel's statement that he had offered immunity to the witness Graugnard for his testimony, and the court approved the offer of immunity.

The arresting officer testified that he did not discover Graugnard and his companion were both 16 years old until he arrived at the police station. After discovering this, the officer turned them over to their parents. The reason for requiring corroboration of an accomplice is that his connection with the crime causes him to be suspect. Certainly, Graugnard's testimony was suspect. He was found in possession of marijuana, and after being questioned said that he had gotten it from appellant. No other evidence connects appellant.

While an analogy is hard to find, we have concluded that the reasoning of our former Presiding Judge Morrow in Anderson v. State, 98 Tex.Cr.R. 449, 266 S.W. 159, should be persuasive here. In that case, one Pressley, a lawyer and a notary public, took the acknowledgment of two men, whom he did not know without having them properly identified to him by someone whom he did know as required by statute. There the court stated the following:

"* * * Taking the entire record as we find it, we are inclined to the belief that the evidence raised an issue for the solution of the jury touching the status of the witness Pressley as to whether or not he was an accomplice witness."

For the failure of the court to grant the charge requested, the judgment is reversed and the cause is remanded.